1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ERIC DICKS,                          Case No.  1:24-cv-00492-HBK (PC)

12              Plaintiff,                  ORDER TO RANDOMLY ASSIGN TO
                                            DISTRICT JUDGE
13         v.
                                           FINDINGS AND RECOMMENDATIONS TO
14    H. MOSELEY, S. GATES, MELINDA        DISMISS ACTION WITHOUT PREJUDICE[1]
      CHAN, and K. HOLIDY,
15                                          (Doc. No. 1)
              Defendants.
16                                          14-DAY DEADLINE

17

18

19

20         Plaintiff Eric Dicks is a state prisoner proceeding pro se and *in forma pauperis* in this civil

21   rights action.  For the reasons set forth below, the undersigned recommends that the District Court

22   dismiss this action without prejudice for Plaintiff's failure to comply with a court order and

23   prosecute this action.

24                            **BACKGROUND**

25         Plaintiff initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983.

26   (Doc. No. 1, "Complaint").  On July 25, 2024, pursuant to 28 U.S.C. § 1915A the Court issued a

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2023).

screening order finding Plaintiff's initial Complaint failed to state a federal claim against any Defendant.  (*See generally* Doc. No. 7).  The Court afforded Plaintiff three options to exercise no later than August 29, 2024:  (1) file an amended complaint; (2) file a notice that he intends to stand on his Complaint subject to the undersigned recommending the district court dismiss for reasons stated in the July 25, 2024 Screening Order; or (3) file a notice to voluntarily dismiss this action, without prejudice, under Federal Rule of Civil Procedure 41(a)(1) because no defendant had yet been served.  (*Id*. at 8-9).  The Court granted Plaintiff two separate extensions of time to comply with the July 25, 2024 Order, with a a final deadline of November 18, 2024 for Plaintiff to deliver his response to the Court's Screening Order to correctional officials for mailing.  (Doc. Nos. 9, 11).

The Court expressly warned Plaintiff in multiple orders that if he fails to timely respond to this Court Order or seek an extension of time to comply the undersigned will recommend that the district court dismiss this case for Plaintiff's failure to comply with a court order and prosecute this action.  (Doc. No. 7 at 9 ¶ 2; Doc. 9 at 2 ¶ 3; Doc. No. 11 at 2 ¶ 3).  As of the date of these Findings and Recommendations, Plaintiff has failed to submit a response to the Court's July 25, 2024 Screening Order, or request a further extension of time to comply, and the time to do so has expired.  (*See* docket.)

## APPLICABLE LAW AND ANALYSIS

### A.  Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted).  Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. L.R. 110.  "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action.  *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th

2

Cir. 1986).  A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules.  *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).  In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B.  Analysis

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case.  As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor.  *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order.  Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor.  *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the

1    unreasonable delay in prosecuting an action. *Anderson v. Air W*., 542 F.2d 522, 524 (9th Cir.

2    1976).  Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action,

3    the third factor weighs in favor of dismissal.

4         The fourth factor usually weighs against dismissal because public policy favors the

5    disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

6    However, "this factor lends little support to a party whose responsibility it is to move a case

7    toward disposition on the merits but whose conduct impedes progress in that direction," which is

8    the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,

9    1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on

10   multiple failures by aspiring litigants to follow the rules and requirements of our courts."

11   *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary

12   dismissal with prejudice of habeas petition where petitioner failed to timely respond to court

13   order and noting "the weight of the docket-managing factor depends upon the size and load of the

14   docket, and those in the best position to know what that is are our beleaguered trial judges.").

15   Further, as set forth in the Screening Order, the Court already determined that the Complaint, as

16   pled, failed to state a claim, so this factor does not weigh in favor of the Plaintiff.

17        Finally, the Court's warning to a party that failure to obey the court's order will result in

18   dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262;

19   *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's July 25, August 29, and

20   October 21 Orders each expressly warned Plaintiff that his failure to respond to the Court's Order

21   would result in a recommendation of dismissal of this action.  (Doc. No. 7 at 9 ¶ 2; Doc. 9 at 2 ¶

22   3; Doc. No. 11 at 2 ¶ 3).  Thus, Plaintiff had adequate warning that dismissal could result from his

23   noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser

24   sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

25        After considering the factors set forth *supra* and binding case law, the undersigned

26   recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

27        ////

28        ////

1   Accordingly, it is hereby **ORDERED**:

2   The Clerk of Court randomly assign this case to a district judge for consideration of these

3   Findings and Recommendations.

4   It is further **RECOMMENDED**:

5   This action be DISMISSED *without prejudice* for Plaintiff's failure to obey court orders

6   and failure to prosecute.

7   **NOTICE TO PARTIES**

8   These Findings and Recommendations will be submitted to the United States District

9   Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

10   after being served with a copy of these Findings and Recommendations, a party may file written

11   objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned,

12   "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

13   **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

14   wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

15   CM/ECF document and page number, when possible, or otherwise reference the exhibit with

16   specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

17   the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

18   636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

19   waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

20

21   Dated:    November 27, 2024

22   HELENA M. BARCH-KUCHTA
     UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

5